IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| **ABDUL FITZGERALD** | § § | |
| Plaintiff, | § § | C.A. NO. 21-240 |
| v. | § § § | |
| **CP ENERGY, LLC** | § § § | |
| Defendant. | § | JURY TRIAL DEMANDED |

# PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, **ABDUL FITZGERALD**, files this Original Complaint and shows:

## I.
### PARTIES

1) Plaintiff ABDUL FITZGERALD is an individual who resides in Texas.

2) Defendant CP Energy, LLC is a domestic corporation doing business in Midland County, Texas. Defendant may be served with process through its registered agent for service of process in Texas, Kelly A. Smith, 114 E. Foreline, Gainesville, Texas 76240.

## II.
### JURISDICTION AND VENUE

3) This Court has jurisdiction pursuant to 28 U.S.C. § 1331 based on the federal question at issue.

4) Venue is proper pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in this District.

## III.
### FACTUAL BACKGROUND

5) Mr. Fitzgerald was employed with CP Energy, LLC. ("CP Energy") as a Vice President Transportation, Permian Basin based in Midland, Texas. Although Mr. Fitzgerald performed well, he quickly realized he was not receiving the support needed for the West Texas operations to be successful. Mr. Fitzgerald was treated differently than other employees and he suspected such difference in treatment was based on his race, African American.

6) Throughout 2019, Mr. Fitzgerald made complaints of discrimination verbally and in writing to both his supervisor, John Caldwell, and to Human Resources. However, it appears that no investigation was ever done and no changes were ever made to address the disparity in treatment. Mr. Fitzgerald was then labeled as a "complainer" and was again not given the support he needed to be successful.

7) In May 2020, CP Energy began layoffs within the organization based on a business downturn. At that time, management was aware of the decision to close down the West Texas operations altogether in the near term which would leave Mr. Fitzgerald without a job.

8) Notwithstanding the expected layoffs, a position then became available in Edmond, Oklahoma for a Logistics Specialist for which Mr. Fitzgerald was aptly qualified. Mr. Fitzgerald, however, was never given the opportunity to apply for such a position and was never even considered. Mr. Fitzgerald was more qualified than the person selected. Of most significance, we will also show that because Mr. Fitzgerald had previously complained of discrimination in 2019, Mr. Fitzgerald was specifically excluded from the selection process.

9) Mr. Fitzgerald was terminated in September 2020 as a result of closing down the West Texas operations. Mr. Fitzgerald was treated differently than all other employees as he was the only employee who was laid off that did not receive a severance payment of any kind. Such action is clear evidence of race discrimination and retaliation.

### Retaliation

10) Defendant retaliated against Mr. Fitzgerald as a direct result of his complaints of discrimination. CP Energy failed to pay Mr. Fitzgerald a severance upon his separation because of his discrimination complaints as all other employees affected by the layoffs received a severance. In addition, Mr. Fitzgerald should have been retained as an employee based on a position which became available around the same timeframe that layoffs were being considered. Mr. Fitzgerald was qualified for the position and expressed an interest in the position as described earlier herein. But for his complaints of discrimination, Mr. Fitzgerald would still be employed by Defendant. Plaintiff suffered significant damages as a direct result of the retaliation.

### Race Discrimination

11) Plaintiff was treated differently than other employees and Executives at CP Energy based on his race. Plaintiff did not receive a severance and was not retained as an employee based on his race. The race discrimination caused Plaintiff significant damages.

## IV.
## DAMAGES

12) Plaintiff seeks the following damages:

    1. back pay and benefits in the past;

  2.  front pay and benefits;

  3.  mental anguish;

  4.  attorneys' fees;

  5.  punitive damages;

  6.  prejudgment and postjudgment interest; and,

  7.  costs of court.

## V.
## JURY DEMAND

13) Plaintiff hereby makes his demand for a jury and hereby tenders the appropriate fee.

## VI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, that upon final trial hereof, Plaintiff recovers his actual and exemplary damages, plus reasonable attorneys' fees and costs of court and both pre- and post-judgment interest at the legal rate, and for such other and further relief, both general and special, at law and in equity, to which he may show himself justly entitled under all attending facts and circumstances.

Respectfully submitted,

**SHELLIST LAZARZ SLOBIN LLP**

*/s/ Mark G. Lazarz*
Mark G. Lazarz
Texas Bar No. 12069100
mlazarz@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277 (Tel) (713) 621-0993 (Fax)

**ATTORNEYS FOR PLAINTIFF**